**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**RESOLUTE PAPER PRODUCTS COR-
PORATION, Defendant-Appellant.**

No. 359, Docket 24477.

United States Court of Appeals
Second Circuit.

Argued June 12, 1957.

Decided July 29, 1957.

Rehearing Denied Sept. 11, 1957.

Harold Harper, of Harper & Matthews, New York City (Vincent P. Uihlein, of Harper & Matthews, New York City, on the brief), for defendant-appellant.

Robert J. Ward, Asst. U. S. Atty., S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., and Arthur B. Kramer, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

PER CURIAM.

██ Resolute Paper Products Corporation appeals from a judgment entered by Judge Ryan sitting without a jury holding that it breached its contract to sell toilet tissue to the Veterans' Administration and awarding the plaintiff substantial damages. We have examined the correspondence of the parties and the negligible oral testimony concerning their modification of the price term in the summer of 1947. We disagree with the conclusion below that the term was increased from $.0552 to $.0607 per roll, since we find only a series of counteroffers. Consequently we have no difficulty in holding Resolute in breach for insisting on a price of $.0607. And on the issue of damages we do not find "clearly erroneous" the court's finding that the substituted performance which the VA procured elsewhere was similar to that described in the contract, and hence a proper basis for the award as damages of the excess cost over the contract rate.

██ Lawrence v. Porter, 6 Cir., 63 F. 62, 26 L.R.A. 167, does not apply here to require the plaintiff to mitigate damages by allowing performance by Resolute at the higher rate. In that case a seller admitted that he was in breach and offered to perform on different terms. Here, however, Resolute's willingness to perform at $.0607 was obviously on condition that the plaintiff agree that there had been no breach; Resolute's price for an entirely new contract was not $.0607, but $.1300.

Affirmed.

## On Petition for Rehearing

██ The contentions now presented by defendant were fully argued on the original hearing and duly considered by us in our decision of July 29, 1957. It is true that the contract of sale expressly provided, "Price is subject to increase as permitted by the O. P. A."; but that agency went out of existence November 10, 1946, while the parties here were called upon to settle the price for a sale in the summer of 1947. There was some discussion of accepting the OPA price of September 1946; but the written correspondence shows that while the parties nearly reached agreement they eventually split on the seller's claim for a 5 per cent commission. Thus there was only a series of counteroffers, as we stated, and never a definite novation as was now necessary, since the device for a price increase set in the contract was no longer operative. Hence the original contract price was never validly changed and it controls. While the plaintiff might have claimed even larger damages, it has not appealed. Judge Ryan's award of damages therefore must stand.

██ Nor did we misread Lawrence v. Porter, 6 Cir., 63 F. 62, 26 L.R.A. 167. On April 1, 1947, defendant wrote, accepting the definite cancellation of the contract and quoting a price of $.13 per roll for "a new order." On June 2, 1947, when the parties were haggling over the 5 per cent commission, defendant made its counteroffer, including this commission and amounting to a total of $6.07 per case; but this offer was rejected. Later correspondence shows that both parties then stood on their rights, until eventually defendant through its counsel repudiated the whole contract. The correspondence shows unmistakably that de-

fendant's willingness to sell at $.0607 per roll was only as a settlement without further claim by paintiff and that its price for a new contract was $.13 per roll.

Petition denied.